UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY C. BRADLEY,

                        Petitioner,

            -vs-                                      99-CV-086C

SALLY B. JOHNSON, Superintendent,
Orleans Correctional Facility,

                        Respondent.

---

## INTRODUCTION

Petitioner Anthony C. Bradley, an inmate at Orleans Correctional Facility and in the custody of the New York State Department of Correctional Services, filed this petition for habeas corpus relief seeking to vacate his state court conviction pursuant to 28 U.S.C. § 2254(a). Specifically, petitioner raises the following claims: (1) the trial court improperly denied a second *Sandoval* hearing; (2) the verdict was against the weight of the evidence; (3) the sentence was unduly harsh and excessive; (4) prosecutorial misconduct; and (5) petitioner was not tried by a jury of his peers.

## BACKGROUND

Petitioner was charged by the Niagara County Grand Jury in a multiple-count indictment with robbery in the first degree (N.Y.Penal Law §160.15), grand larceny in the fourth degree (N.Y. Penal Law § 155.30), and criminal possession of a weapon in the third degree (N.Y. Penal Law § 265.02) in connection with two robberies in the City of Niagara Falls, New York in May 1991. He was convicted on February 26, 1992, after a jury trial in

Niagara County Court of two counts of robbery, and the lesser charges were dismissed. Upon appeal to the Appellate Division, Fourth Department, the judgment was reversed, and a new trial was granted on the grounds of erroneous jury instructions. *See People v. Bradley,* 201 A.D.2d 914, 610 N.Y.S.2d 901 (4th Dep't 1994).

Prior to his retrial, on November 18, 1994, a *Sandoval*[1] hearing was conducted by the Hon. James P. Punch. At that time, Judge Punch determined that should the petitioner take the stand at his trial, the prosecutor would be entitled to inquire as to certain of petitioner's past criminal convictions. *See* Transcript of Proceeding of November 18, 1994.[2]

Petitioner's retrial was conducted by the Hon. Barbara Howe.[3] The prosecution presented evidence that on May 24, 1991, petitioner entered a vehicle parked at a drive-up automated teller machine ("ATM") in Niagara Falls and forcibly stole $100 from Bruce Keller-Clarke. Additionally, the prosecution presented evidence that on May 27, 1991, Betty L. Gursky was robbed of her purse at knife-point after the assailant entered her vehicle at the Oakwood Cemetery in Niagara Falls. On February 14, 1995, petitioner was convicted of the first count of robbery and acquitted of the second count against Ms. Gursky. On August 29, 1995, Justice Howe sentenced petitioner to a term of imprisonment of nine to eighteen years.

---

[1] *People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974).

[2] Transcripts of proceedings have been submitted to the court as part of petitioner's state court records.

[3] It appears that the case was transferred to Justice Howe because of Judge Punch's extensive case load. *See* Letter from Judge Punch to Justice Doyle, dated January 17, 1995, appended to Respondent's Brief to the Appellate Division.

Petitioner filed a notice of appeal on September 11, 1995. The Appellate Division, Fourth Department, assigned the Niagara County Public Defender to perfect the appeal. H. James Clayton, Esq. filed an appellate brief on the petitioner's behalf in which he raised the following issues:

1. The trial court erred in denying petitioner's request for a new *Sandoval* hearing;

2. The verdict was against the weight of the evidence;

3. The sentence was harsh and excessive;

4. Prosecutorial misconduct deprived petitioner of a fair trial; and

5. The jury pool was racially biased.

On February 4, 1998, the Appellate Division, Fourth Department, unanimously affirmed petitioner's conviction. *People v. Bradley,* 247 A.D.2d 929, 668 N.Y.S.2d 788 (4th Dep't 1998). The court found that the conviction was supported by legally sufficient evidence and was not contrary to the weight of the evidence. The court also concluded that the trial judge did not err in failing to reconsider the *Sandoval* ruling, and that a single instance of misconduct, whereby the prosecutor failed to instruct a witness not to refer to petitioner's previous trial, did not deprive petitioner of a fair trial. Additionally, the Appellate Division found that petitioner waived his right to challenge the racial composition of the jury and, in any event, his conclusory assertions were insufficient to demonstrate that the underrepresentation of blacks on the jury was the result of systematic exclusion. Finally, the court found that petitioner's sentence was neither unduly harsh nor excessive. On March 20, 1998, the Court of Appeals denied petitioner leave to appeal this ruling. *People v. Bradley,* 91 N.Y.2d 940, 671 N.Y.S.2d 719, 694 N.E.2d 888 (1998).

Petitioner now appeals to this court for habeas corpus relief. He timely filed this

action on February 2, 1999, raising the same five issues he raised on appeal to the Appellate Division.[4]

## DISCUSSION

### A. Standards of Review for Habeas Corpus

Pursuant to the federal habeas statute, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to relief from the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where the state court has adjudicated the merits of a petitioner's claim, relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's

---

[4] In his initial petition (Item 1), petitioner also raised the issue of ineffective assistance of counsel, but withdrew that claim in his amended petition, filed February 26, 1999 (Item 4).

decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.  Additionally, the AEDPA requires that a habeas petitioner show "clear and convincing evidence" to effectively rebut the presumption of correctness to be applied to state court findings of fact.  28 U.S.C. § 2254(e)(1); *Lawrence v. Artuz,* 91 F. Supp.2d 528 (E.D.N.Y. 2000).

As petitioner cannot show that the state court adjudication of his claims resulted in a decision that was contrary to clearly established federal law or was based on an unreasonable determination of the facts, or that his conviction was otherwise obtained "in violation of the Constitution or laws or treaties of the United States . . .," his application for a writ of habeas corpus is denied.

**B.  Petitioner's Claims**

**1.  Sandoval Ruling**

In a hearing pursuant to *People v. Sandoval,* 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974), "the trial judge makes a determination as to whether any prior convictions or proof of any prior commissions of specific uncharged crimes or bad acts may be admitted into evidence at a criminal trial." *Mercer v. Herbert*, 133 F. Supp.2d 219, 231 n. 14 (W.D.N.Y. 2001).  Although based in state law, a *Sandoval* violation addresses an evidentiary question and, thus, may present an issue for habeas relief.  However, the petitioner must establish that the trial court committed error that constitutes a deprivation

of a constitutionally recognized right. *See Rosario v. Kuhlman*, 839 F.2d 918, 924-25 (2d Cir. 1988); *Rojas v. Senkowski*, 1996 WL 449321, *3 (E.D.N.Y. July 29, 1996). In order for an evidentiary error to be cognizable on habeas review, the error must cause "actual prejudice" to the petitioner by having a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quotation marks omitted). Finally, "it is well-settled that a petitioner's failure to testify is fatal to any claims of constitutional deprivation arising out of a *Sandoval* type ruling because in the absence of such testimony the Court has no adequate non-speculative basis upon which to assess the merits of that claim . . . ." *Peterson v. LeFevre*, 753 F. Supp. 518, 521 (S.D.N.Y.), *aff'd,* 940 F.2d 649 (2d Cir. 1991); *see also Luce v. United States*, 469 U.S. 38, 41-42 (1984). In other words, habeas relief is never warranted if the petitioner decided not to testify, regardless of the fact that the trial court's *Sandoval* ruling may have motivated petitioner's decision. *McKenzie v. Poole,* 2004 WL 2671630, *5 (E.D.N.Y. November 23, 2004).

Here, Judge Punch considered petitioner's previous convictions and determined that the prosecution would be allowed to cross-examine petitioner regarding prior convictions less than ten years old that had a bearing on petitioner's credibility, such as theft offenses. Petitioner claims that Justice Howe should have reconsidered Judge Punch's *Sandoval* ruling after the case was transferred to her. Justice Howe declined to do so, relying on the doctrine of law of the case and stating that she had no authority to revisit a ruling made by a court of coordinate jurisdiction, citing *Forbush v. Forbush,* 115 A.D.2d 335, 496 N.Y.S.2d 311 (4th Dep't 1985). Petitioner declined to take the stand and testify in his defense. This

decision precludes any possibility of habeas relief based on petitioner's *Sandoval* claim. Thus, it was neither contrary to, nor an unreasonable application of, federal law for the Appellate Division to hold that this contention was without merit, and petitioner is not entitled to habeas relief on this ground.

**2.  Weight of the Evidence**

Habeas corpus relief is not available to a petitioner challenging his state court conviction on the ground that the conviction was against the weight of the evidence. *See Spears v. Spitzer,* 2005 WL 588238, *11 (E.D.N.Y., March 14, 2005); *Soto v. Lefevre*, 651 F. Supp. 588, 592 (S.D.N.Y. 1986) (citing *Marshall v. Lonberger,* 459 U.S. 422, 432-35 (1983)), *aff'd* 812 F.2d 713 (2d Cir), *cert. denied,* 482 U.S. 907 (1987).  Under the federal habeas statute and cases interpreting it, it is within the province of the jury and the state appellate court on direct review of the record to weigh and resolve conflicts in the evidence presented at trial, and those factual findings "are not to be redetermined by federal courts in a habeas corpus proceeding." *Soto,* 651 F. Supp. at 592; *see also Panaro v. Kelly,* 32 F. Supp.2d 105, 109 (W.D.N.Y. 1998) (assessments of weight of the evidence or credibility of witnesses are for jury, and are not ground for habeas corpus relief).  Accordingly, petitioner is not entitled to habeas corpus relief on the grounds that the verdict was against the weight of the evidence.

**3.  Harsh and Excessive Sentence**

Petitioner claims that his sentence, a nine-to-eighteen-year term of imprisonment, is harsh and excessive.  This claim is without merit.  Petitioner stipulated to the fact that

7

he was a second felony offender.  *See* Transcript of Sentencing, August 29, 1995, at p. 3. Having been convicted of a "B" felony and sentenced as a second felony offender, petitioner could have been sentenced to a maximum term of 25 years.  N.Y. Penal Law §70.06(2)(b).  As petitioner's sentence falls within the maximum sentence authorized by New York law, given his status as a second felony offender, it cannot be considered excessive under the Eighth Amendment.  *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." (citations omitted)).  Accordingly, petitioner is not entitled to habeas relief on this ground.

### 4. Prosecutorial Misconduct

Petitioner claims that he was deprived of his due process right to a fair trial because the prosecutor failed to prepare a witness who referred to petitioner's previous trial in violation of the court's instructions.

The scope of habeas review for allegations of prosecutorial misconduct is "quite limited."  *Tankleff v. Senkowski*, 135 F.3d 235, 252 (2d Cir. 1998).  Relief is available only where the court finds that the prosecutor's misconduct "constituted more than mere trial error, and w[as] instead so egregious as to violate the defendant's due process rights."  *Id*. (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 647-48 (1974)); *Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir. 1990) ("The appropriate standard of review for a claim of prosecutorial misconduct on a writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power.")  Thus, even where a prosecutor can be said to have committed misconduct, constitutional error occurs only when the misconduct was

so prejudicial that it "rendered the trial in question fundamentally unfair." *Washington v. Walker*, 1994 WL 391947, at *3 (S.D.N.Y. July 28, 1994) (quoting *Floyd*, 907 F.2d at 355).

To succeed on a claim of prosecutorial misconduct, a habeas petitioner must show that he suffered actual prejudice because the misconduct "had a substantial and injurious effect or influence in determining the jury's verdict." *Bentley v. Scully*, 41 F.3d 818, 824 (2d Cir. 1994), *cert. denied,* 516 U.S. 1152 (1996). Three factors must be considered to determine whether such prejudice occurred: "(1) the severity of the misconduct; (2) the nature of the curative measures taken to remedy the prejudice, if any; and (3) the certainty of the conviction absent the improper conduct." *Jones v. Spitzer*, 2003 WL 1563780, at *31 (S.D.N.Y. March 26, 2003) (citing *Bentley*, 41 F.3d at 824).

Here, the trial court directed that the witnesses were not to refer to the petitioner's previous trial. On cross-examination by defense counsel, at a time when defense counsel attempted to elicit whether the witness had prepared for trial by reviewing previous statements or testimony, the complainant stated that he "had the copy of the previous trial and the Grand Jury." (T. 469.) Defense counsel immediately called for a sidebar, and complained that the prosecutor "put a witness on the stand without telling him he can't do that." (T. 470.) The prosecutor then instructed his witness accordingly, and defense counsel declined a curative instruction (T. 471.) Petitioner now contends that the prosecutor's failure to instruct the witness not to mention the previous trial is prosecutorial misconduct of constitutional dimension.

This single instance of alleged misconduct cannot be said to have deprived petitioner of a fair trial. The failure of the prosecutor to caution his witness is not an

example of severe misconduct, particularly where it was defense counsel who elicited the remarks through his cross-examination. Although no curative instructions were given, there was ample proof of the petitioner's guilt such that the mere mention of a previous trial would not have prejudiced the petitioner. Accordingly, petitioner is not entitled to habeas relief on this ground.

### 5. Biased Jury Pool

Finally, petitioner complains that the jury was racially biased because there were no African-Americans either in the jury pool or on the jury. The Appellate Division found that petitioner failed to make a timely written motion challenging the jury panel in accordance with New York law, and that his assertions were nonetheless insufficient to demonstrate that the underrepresentation of Blacks was the result of systematic exclusion.

Petitioner's claim that he was denied his right to a petit jury composed of jurors representing a true cross-section of the community can be viewed as a claim that the New York State courts' allowance of the defendant to be tried by this petit jury was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States" under 28 U.S.C. § 2254(d)(1). However, petitioner does not have a right to be tried by a petit jury that is racially a true cross-section of the community. Under the Sixth Amendment, petitioner has the right to be tried by an "impartial jury," which requires that the venire panel from which jurors are selected represent a fair cross-section of the community. *See Buchanan v. Kentucky*, 483 U.S. 402 (1987). But a petit jury actually selected from the panel need not itself represent a cross-section of the community or have any other particular composition. *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975) ("[W]e

impose no requirement that petit juries actually chosen . . . mirror the community and reflect the various distinctive groups in the population.").

Petitioner has not alleged or shown that his petit jury did not satisfy the Sixth Amendment's impartiality requirement, which is served by the use of peremptory strikes to eliminate prospective jurors with biases, racial or otherwise. *See Georgia v. McCollum*, 505 U.S. 42, 58-59 (1992). To the extent that petitioner seeks to challenge the panel of jurors as not representative of the community, New York Criminal Procedure Law § 270.10(2) requires that a challenge to the jury pool be "in writing setting forth the facts constituting the ground of challenge." In order to establish a *prima facie* showing of a violation under § 270.10, a defendant must demonstrate that a substantial and identifiable segment of the population was not included in the jury pool and that this was the result of systematic exclusion of that group. *See People v. Guzman,* 60 N.Y.2d 403, 409-411, 469 N.Y.S.2d 916, 457 N.E.2d 1143 (1983), *cert. denied,* 466 U.S. 951 (1984).

Here, petitioner challenged the jury pool in writing prior to the start of jury selection. He claimed that "blacks and minorities are systematically excluded from the panel" because the jury lists are chosen from "deed records, telephone directories and voter registration lists . . . [which] traditionally exclude blacks and minorities . . . ." (T. 33-34.) Petitioner also suggested that the use of welfare rolls and motor vehicle records "would insure a fairer panel" (T. 34.) Petitioner's challenge set forth no facts to support the conclusion that minorities are systematically excluded from the lists of prospective jurors. Thus, the composition of the trial jury was not "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States" under 28 U.S.C. § 2254(d)(1), and petitioner's objection does not provide him a basis for habeas corpus relief.

## **CONCLUSION**

For the foregoing reasons, the petition for habeas corpus relief under 28 U.S.C. § 2254 is denied and the case is dismissed. The Clerk of the Court is directed to enter judgment in favor of respondent.

Pursuant to 28 U.S.C. § 1915(a)(3), the court certifies that an appeal from this decision and order may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The court also finds that the petition presents no question of substance for appellate review, and that petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: June   30   , 2005
p:\opinions\99-86.june2205